IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DELL, INC. )<br>)<br>Defendant. )<br>) | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Round Rock Research, LLC ("Round Rock Research"), for its Complaint against Defendant Dell Inc. ("Dell") hereby alleges as follows:

**The Parties**

1. Plaintiff Round Rock Research is a Delaware limited liability company with its principal place of business at Mount Kisco, New York 10549.

2. Dell is a Delaware corporation with its principal place of business at One Dell Way, Round Rock, Texas 78682. Dell has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

**Nature of the Action**

3. This is a civil action for the infringement of United States Patent Nos. 5,255,109 ("the '109 Patent") (attached as Exhibit A); 5,787,174 ("the '174 Patent") (attached as Exhibit B); 5,938,764 ("the '764 Patent") (attached as Exhibit C); 5,991,843 ("the '843 Patent") (attached as Exhibit D); 6,002,613 ("the '613 Patent") (attached as Exhibit E); 7,101,727 ("the '727 Patent") (attached as Exhibit F); 7,138,823 ("the '823 Patent") (attached as Exhibit G);

7,285,979 ("the '979 Patent") (attached as Exhibit H); and 7,389,369 ("the '369 Patent") (attached as Exhibit I) (collectively, "the Patents-in-Suit") under the Patent Laws of the United States 35 U.S.C. § 1 *et seq.*

### Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

5. This Court has personal jurisdiction over Dell because, among other things, Dell has committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in this judicial district and elsewhere that led to foreseeable harm and injury to Round Rock Research. Moreover, Dell is a Delaware corporation who, having availed itself of Delaware's corporate laws, is subject to personal jurisdiction in Delaware.

6. This Court also has personal jurisdiction over Dell because, among other things, Dell has established minimum contacts within the forum such that the exercise of jurisdiction over Dell will not offend traditional notions of fair play and substantial justice. Moreover, Dell has placed products that practice the claimed inventions of the Patents-in-Suit into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this District. And Dell has sold, advertised, marketed, and distributed products in this District that practice the claimed inventions of the Patents-in-Suit.

7. In addition, Dell knowingly induced, and continues to knowingly induce, infringement of the Patents-in-Suit within this District by making, using, offering for sale, and selling infringing products, as well as by contracting with others to use, market, sell, and offer to sell infringing products, all with knowledge of the Patents-in-Suit and their claims; with knowledge that its customers will use, market, sell, and offer to sell the infringing products in this District and elsewhere in the United States; and with the knowledge and intent to encourage and facilitate infringing sales and use of the products by others within this District and the United

States by creating and disseminating promotional and marketing materials, instructional materials and product manuals, and technical materials related to the infringing products.

8. Moreover, Dell knowingly contributed to the infringement of the Patents-in-Suit by others in this District, and continues to contribute to infringement of the Patents-in-Suit by others in this District, by selling or offering to sell components of infringing products in this District, which components constitute a material part of the inventions of the Patents-in-Suit; knowing of the Patents-in-Suit and their claims; knowing those components to be especially made or especially adapted for use to infringe the Patents-in-Suit; and knowing that those components are not staple articles or commodities of commerce suitable for substantial non-infringing use.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## The Patents-In-Suit

10. On October 19, 1993, the '109 Patent, titled "Heat Dissipating LCD Display," was duly and legally issued by the United States Patent and Trademark Office. Round Rock Research is the assignee of all rights, title, and interest in the '109 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '109 Patent.

11. On July 28, 1998, the '174 Patent, titled "Remote Identification Of Integrated Circuit," was duly and legally issued by the United States Patent and Trademark Office. Round Rock Research is the assignee of all rights, title, and interest in the '174 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '174 Patent.

12. On August 17, 1999, the '764 Patent, titled "Apparatus For Improved Storage Of Computer System Configuration Information," was duly and legally issued by the United States Patent and Trademark Office. Round Rock Research is the assignee of all rights, title, and interest in the '764 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '764 Patent.

13. On November 23, 1999, the '843 Patent, titled "Method And System For Concurrent Computer Transaction Processing," was duly and legally issued by the United States Patent and Trademark Office. Round Rock Research is the assignee of all rights, title, and interest in the '843 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '843 Patent.

14. On December 14, 1999, the '613 Patent, titled "Data Communication For Memory," was duly and legally issued by the United States Patent and Trademark Office. Round Rock Research is the assignee of all rights, title, and interest in the '613 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '613 Patent.

15. On September 5, 2006, the '727 Patent, titled "Passivation Planarization" was duly and legally issued by the United States Patent and Trademark Office. Round Rock Research is the assignee of all rights, title, and interest in the '727 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '727 Patent.

16. On November 21, 2006, the '823 Patent, titled "Apparatus And Method For Independent Control Of On-Die Termination For Output Buffers Of A Memory Device," was duly and legally issued by the United States Patent and Trademark Office. Round Rock Research is the assignee of all rights, title, and interest in the '823 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '823 Patent.

17. On October 23, 2007, the '979 Patent, titled "Apparatus And Method For Independent Control Of On-Die Termination For Output Buffers Of A Memory Device," was duly and legally issued by the United States Patent and Trademark Office. Round Rock Research is the assignee of all rights, title, and interest in the '979 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '979 Patent.

18. On June 17, 2008, the '369 Patent, titled "Active Termination Control," was duly and legally issued by the United States Patent and Trademark Office. Round Rock Research is the assignee of all rights, title, and interest in the '369 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '369 Patent.

## Count I

### Infringement of U.S. Patent No. 5,255,109

19. Paragraphs 1-18 are incorporated by reference as if fully restated herein.

20. Dell has infringed, and continues to infringe, the '109 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing into the United States products that contain a heat dissipating Liquid Crystal Display (LCD) as claimed in the '109 Patent ("'109 Infringing Products"), including at least the SR2320L LCD monitor.

21. Dell has also indirectly infringed, and continues to indirectly infringe, the '109 Patent. In addition to having knowledge of the '109 Patent through its own prosecution activities, Dell has had knowledge of the '109 Patent and its infringement since at least November 23, 2010 through a letter sent by Round Rock Research concerning that infringement. Dell's customers directly infringe the '109 Patent by making, using, selling, and/or offering for sale '109 Infringing Products in the United States. Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '109 Patent by making, using, offering for sale, and selling '109 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '109 Infringing Products, all with knowledge of the '109 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell '109 Infringing Products; and with the knowledge and intent to encourage and facilitate those infringing sales and uses of '109 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '109 Infringing Products.

22. Dell has also contributed to the infringement by others (e.g., Dell's customers and the users of '109 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, or importing '109 Infringing Products into the United States, knowing that those systems constitute a material part of the inventions of the '109 Patent, knowing those

systems to be especially made or adapted to infringe the '109 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

23. Dell directly and/or indirectly has infringed, and continues to infringe, at least claims 1, 4, 12, 15, 21, and 23 of the '109 Patent.

24. Round Rock Research has been and continues to be damaged by Dell's infringement of the '109 Patent.

25. Dell has willfully infringed, and continues to willfully infringe, the '109 Patent despite having knowledge of the '109 Patent at least through its own prosecution activities and having received notice of its infringement from Round Rock Research.

## Count II
### Infringement of U.S. Patent No. 5,787,174

26. Paragraphs 1-25 are incorporated by reference as if fully restated herein.

27. Dell has infringed, and continues to infringe, the '174 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents by making, using, offering for sale, selling, and/or importing into the United States products with Bluetooth and/or 802.11 wireless communication functionality ("'174 Infringing Products"), including at least products in the following lines: Venue mobile phones; Streak and Inspiron Duo tablet computers; Inspiron, Latitude, and Alienware notebook computers; Inspiron "all-in-one" computers; and Inspiron, Alienware, XPS, Precision Tower, Precision Mobile, Vostro, and Optiplex desktop computers.

28. Dell has also indirectly infringed, and continues to indirectly infringe, the '174 Patent. Dell has had knowledge of the '174 Patent and its infringement since at least September 29, 2011 through a letter sent by Round Rock Research concerning that infringement. Dell's customers directly infringe the '174 Patent by making, using, selling, and/or offering for sale '174 Infringing Products in the United States. Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '174

Patent by making, using, offering for sale, and selling '174 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '174 Infringing Products, all with knowledge of the '174 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell '174 Infringing Products; and with the knowledge and intent to encourage and facilitate infringing sales and uses of '174 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '174 Infringing Products.

29. Dell has also contributed to the infringement by others (e.g., Dell's customers and the users of '174 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, or importing '174 Infringing Products in the United States, knowing that those systems constitute a material part of the inventions of the '174 Patent, knowing those systems to be especially made or adapted to infringe the '174 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

30. Dell directly and/or indirectly has infringed, and continues to infringe, at least claims 1, 2, and 15 of the '174 Patent.

31. Round Rock Research has been and continues to be damaged by Dell's infringement of the '174 Patent.

32. Dell has willfully infringed, and continues to willfully infringe, the '174 Patent despite having received notice of its infringement from Round Rock Research.

## Count III

### Infringement of U.S. Patent No. 5,938,764

33. Paragraphs 1-32 are incorporated by reference as if fully restated herein.

34. Dell has infringed, and continues to infringe, the '764 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents by making, using, offering for sale, selling, and/or importing into the United States products that store basic input/output system

(BIOS) instructions in non-volatile memory as claimed in the '764 Patent ("'764 Infringing Products") including at least products in the Precision Tower line of desktop computers.

35. Dell has also indirectly infringed, and continues to indirectly infringe, the '764 Patent. In addition to having knowledge of the '764 Patent through its own prosecution activities, Dell has had knowledge of the '764 Patent and its infringement since at least September 29, 2011 through a letter sent by Round Rock Research concerning that infringement. Dell's customers directly infringe the '764 Patent by making, using, selling, and/or offering for sale '764 Infringing Products in the United States. Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '764 Patent by making, using, offering for sale, and selling '764 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell those products, all with knowledge of the '764 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell '764 Infringing Products; and with the knowledge and intent to encourage and facilitate those infringing sales and uses of '764 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '764 Infringing Products.

36. Dell has also contributed to the infringement by others (e.g., Dell's customers and the users of '764 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, or importing '764 Infringing Products in the United States, knowing that those systems constitute a material part of the inventions of the '764 Patent, knowing those systems to be especially made or adapted to infringe the '764 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

37. Dell directly and/or indirectly has infringed, and continues to infringe, at least claims 1, 2, 7, and 8 of the '764 Patent.

38. Round Rock Research has been and continues to be damaged by Dell's infringement of the '764 Patent.

39. Dell has willfully infringed, and continues to willfully infringe, the '764 Patent. Dell has continued its infringement as evidenced by its own prosecution activities and despite having received notice of its infringement from Round Rock Research.

## Count IV

### Infringement of U.S. Patent No. 5,991,843

40. Paragraphs 1-39 are incorporated by reference as if fully restated herein.

41. Dell has infringed, and continues to infringe, the '843 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents by making, using, offering for sale, selling, and/or importing into the United States infringing computer systems with Universal Serial Bus (USB) 3.0 functionality ("'843 Infringing Products"), including at least computer systems in the following lines: Inspiron, XPS, Latitude, Alienware, and Vostro notebook computers and Alienware, XPS, Precision Tower, Precision Mobile, and Vostro desktop computers.

42. Dell has also indirectly infringed, and continues to indirectly infringe, the '843 Patent. Dell has had knowledge of the '843 Patent and its infringement since at least September 29, 2011 through a letter sent by Round Rock Research concerning that infringement. Dell's customers directly infringe the '843 Patent by making, using, selling, and/or offering for sale '843 Infringing Products in the United States. Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '843 Patent by making, using, offering for sale, and selling '843 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '843 Infringing Products, all with knowledge of the '843 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell '843 Infringing Products; and with the knowledge and intent to encourage and facilitate those infringing sales and uses of '843 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '843 Infringing Products.

43. Dell has also contributed to the infringement by others (e.g., Dell's customers and the users of '843 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, or importing '843 Infringing Products in the United States, knowing that those systems constitute a material part of the inventions of the '843 Patent, knowing those systems to be especially made or adapted to infringe the '843 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

44. Dell directly and/or indirectly has infringed, and continues to infringe, at least claims 1, 2, 17, and 18 of the '843 Patent.

45. Round Rock Research has been and continues to be damaged by Dell's infringement of the '843 Patent.

46. Dell has willfully infringed, and continues to willfully infringe, the '843 Patent despite having received notice of its infringement from Round Rock Research.

## Count V

### Infringement of U.S. Patent No. 6,002,613

47. Paragraphs 1-46 are incorporated by reference as if fully restated herein.

48. Dell has infringed, and continues to infringe, the '613 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or indirectly, by making, using, offering for sale, selling, and/or importing into the United States products containing Double Data Rate (DDR) memory (including at least mDDR, LPDDR, LPDDR2, DDR, DDR2, and DDR3 memory) (collectively, "'613 Infringing Products"), including at least products from the following lines:  Streak and Inspiron Duo tablet computers; Inspiron, Latitude, XPS, and Alienware notebook computers; Inspiron "all-in-one" computers; and Inspiron, Alienware, XPS, Precision Tower, Precision Mobile, Vostro, and Optiplex desktop computers.

49. Dell has also indirectly infringed, and continues to indirectly infringe, the '613 Patent. Dell has had knowledge of the '613 Patent and its infringement since at least November

23, 2010 through a letter sent by Round Rock Research concerning that infringement. Dell's customers directly infringe the '613 Patent by making, using, selling, and/or offering for sale '613 Infringing Products in the United States. Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '613 Patent by making, using, offering for sale, and selling '613 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '613 Infringing Products, all with knowledge of the '613 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell '613 Infringing Products; and with the knowledge and intent to encourage and facilitate those infringing sales and uses of '613 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '613 Infringing Products.

50. Dell has also contributed to the infringement by others (e.g., Dell's customers and the users of '613 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, or importing '613 Infringing Products containing DDR memory in the United States, knowing those systems to constitute a material part of the inventions of the '613 Patent, knowing those systems to be especially made or adapted to infringe the '613 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

51. Dell directly and/or indirectly has infringed, and continues to infringe, at least claims 16, 17, 19, and 21 of the '613 Patent.

52. Round Rock Research has been and continues to be damaged by Dell's infringement of the '613 Patent.

53. Dell has willfully infringed, and continues to willfully infringe, the '613 Patent despite having received notice of its infringement from Round Rock Research.

## Count VI

### Infringement of U.S. Patent No. 7,101,727

54. Paragraphs 1-53 are incorporated by reference as if fully restated herein.

55. Dell has infringed, and continues to infringe, the '727 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or indirectly, by making, using, offering for sale, selling, and/or importing into the United States products implementing and/or containing complementary metal-oxide-semiconductor (CMOS) image sensors ("'727 Infringing Products"), including at least Streak mobile phones.

56. Dell has also indirectly infringed, and continues to indirectly infringe, the '727 Patent. Dell has had knowledge of the '727 Patent and its infringement since at least September 29, 2011 through a letter sent by Round Rock Research concerning that infringement. Dell's customers directly infringe the '727 Patent by making, using, selling, and/or offering for sale '727 Infringing Products in the United States. Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '727 Patent by making, using, offering for sale, and selling '727 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '727 Infringing Products, all with knowledge of the '727 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell '727 Infringing Products; and with the knowledge and intent to encourage and facilitate those infringing sales and uses of '727 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '727 Infringing Products.

57. Dell has also contributed to the infringement by others (e.g., Dell's customers and the users of '727 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, or importing '727 Infringing Products in the United States, knowing those systems to constitute a material part of the inventions of the '727 Patent, knowing those systems to be especially made or adapted to infringe the '727 Patent, and knowing that those

systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

58. Dell directly and/or indirectly has infringed, and continues to infringe, at least claims 1, 2, 3, and 7 of the '727 Patent.

59. Round Rock Research has been and continues to be damaged by Dell's infringement of the '727 Patent.

60. Dell has willfully infringed, and continues to willfully infringe, the '727 Patent despite having received notice of its infringement from Round Rock Research.

## Count VII

### Infringement of U.S. Patent No. 7,138,823

61. Paragraphs 1-60 are incorporated by reference as if fully restated herein.

62. Dell has infringed, and continues to infringe, the '823 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or indirectly, by making, using, offering for sale, selling, and/or importing into the United States products containing DDR3 memory ("'823 Infringing Products"), including at least products from the following lines: Inspiron Duo tablet computers; Inspiron, Latitude, XPS, and Alienware notebook computers; Inspiron "all-in-one" computers; and Inspiron, Alienware, XPS, Precision Tower, Precision Mobile, and Vostro desktop computers.

63. Dell has also indirectly infringed, and continues to indirectly infringe, the '823 Patent. Dell has had knowledge of the '823 Patent and its infringement since at least February 28, 2011 through a presentation made by Round Rock Research concerning that infringement. Dell's customers directly infringe the '823 Patent by making, using, selling, and/or offering for sale '823 Infringing Products in the United States. Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '823 Patent by making, using, offering for sale, and selling '823 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '823 Infringing Products, all with

13

knowledge of the '823 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell '823 Infringing Products; and with the knowledge and intent to encourage and facilitate those infringing sales and uses of '823 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '823 Infringing Products.

64.   Dell has also contributed to the infringement by others (e.g., Dell's customers and the users of '823 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, or importing '823 Infringing Products in the United States, knowing those systems to constitute a material part of the inventions of the '823 Patent, knowing those systems to be especially made or adapted to infringe the '823 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

65.   Dell directly and/or indirectly has infringed, and continues to infringe, at least claims 37, 38, and 40 of the '823 Patent.

66.   Round Rock Research has been and continues to be damaged by Dell's infringement of the '823 Patent.

67.   Dell has willfully infringed, and continues to willfully infringe, the '823 Patent despite having received notice of its infringement from Round Rock Research.

## Count VIII

### Infringement of U.S. Patent No. 7,285,979

68.   Paragraphs 1-67 are incorporated by reference as if fully restated herein.

69.   Dell has infringed, and continues to infringe, the '979 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or indirectly, by making, using, offering for sale, selling, and/or importing into the United States products containing DDR3 memory ("'979 Infringing Products"), including at least products from the following lines:  Inspiron Duo tablet computers; Inspiron, Latitude, XPS, and Alienware

notebook computers; Inspiron "all-in-one" computers; and Inspiron, Alienware, XPS, Precision Tower, Precision Mobile, and Vostro desktop computers.

70. Dell has also indirectly infringed, and continues to indirectly infringe, the '979 Patent. Dell has had knowledge of the '979 Patent and its infringement since at least September 29, 2011 through a letter sent by Round Rock Research concerning that infringement. Dell's customers directly infringe the '979 Patent by making, using, selling, and/or offering for sale '979 Infringing Products. Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '979 Patent by making, using, offering for sale, and selling '979 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '979 Infringing Products, all with knowledge of the '979 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell the '979 Infringing Products; and with the knowledge and intent to encourage and facilitate those infringing sales and uses of '979 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '979 Infringing Products.

71. Dell has also contributed to the infringement by others (e.g., Dell's customers and the users of '979 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, or importing '979 Infringing Products in the United States, knowing those systems to constitute a material part of the inventions of the '979 Patent, knowing those systems to be especially made or adapted to infringe the '979 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

72. Dell directly and/or indirectly has infringed, and continues to infringe, at least claims 33, 34, and 36 of the '979 Patent.

73. Round Rock Research has been and continues to be damaged by Dell's infringement of the '979 Patent.

74.  Dell has willfully infringed, and continues to willfully infringe, the '979 Patent despite having received notice of its infringement from Round Rock Research.

## Count IX

### Infringement of U.S. Patent No. 7,389,369

75.  Paragraphs 1-74 are incorporated by reference as if fully restated herein.

76.  Dell has infringed, and continues to infringe, the '369 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or indirectly, by making, using, offering for sale, selling, and/or importing into the United States products containing DDR2 or DDR3 memory ("'369 Infringing Products"), including at least products from the following lines: Inspiron Duo tablet computers; Inspiron, Latitude, XPS, and Alienware notebook computers; Inspiron "all-in-one" computers; and Inspiron, Alienware, XPS, Precision Tower, Precision Mobile, Vostro, and Optiplex desktop computers.

77.  Dell has also indirectly infringed, and continues to indirectly infringe, the '369 Patent. Dell has had knowledge of the '369 Patent and its infringement since at least September 29, 2011 through a letter sent by Round Rock Research concerning that infringement. Dell's customers directly infringe the '369 Patent by making, using, selling, and/or offering for sale '369 Infringing Products in the United States. Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '369 Patent by making, using, offering for sale, and selling '369 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '369 Infringing Products, all with knowledge of the '369 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell '369 Infringing Products; and with the knowledge and intent to encourage and facilitate those infringing sales and uses of '369 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '369 Infringing Products.

78. Dell has also contributed to the infringement by others (e.g., Dell's customers and the users of '369 Infringing Products), and continues to contribute to infringement by others, by selling, offering to sell, or importing '369 Infringing Products in the United States, knowing those systems to constitute a material part of the inventions of the '369 Patent, knowing those systems to be especially made or adapted to infringe the '369 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

79. Dell directly and/or indirectly has infringed, and continues to infringe, at least claims 8, 10, 14, and 16 of the '369 Patent.

80. Round Rock Research has been and continues to be damaged by Dell's infringement of the '369 Patent.

81. Dell has willfully infringed, and continues to willfully infringe, the '369 Patent despite having received notice of its infringement from Round Rock Research.

**Prayer For Relief**

Wherefore, Plaintiff Round Rock Research respectfully requests that this Court enter judgment against Dell as follows:

a) adjudging that Dell has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 5,255,109;

b) adjudging that Dell has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 5,787,174;

c) adjudging that Dell has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 5,938,764;

d) adjudging that Dell has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 5,991,843;

e) adjudging that Dell has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 6,002,613;

f) adjudging that Dell has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 7,101,727;

g) adjudging that Dell has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 7,138,823;

h) adjudging that Dell has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 7,285,979;

i) adjudging that Dell has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 7,389,369;

j) adjudging that Dell's infringement has been willful;

k) awarding Round Rock Research the damages to which it is entitled under 35 U.S.C. § 284 for Dell's past infringement and any continuing or future infringement up until the date Dell is finally and permanently enjoined from further infringement, including both compensatory damages and enhanced/treble damages for willful infringement, and ordering a full accounting of same;

l) finding that this case is exceptional under 35 U.S.C. § 285;

m) awarding Round Rock Research pre-judgment and post-judgment interest on its damages; and

n) awarding Round Rock Research such other and further relief in law or equity that the Court deems just and proper.

## Demand For Jury Trial

Round Rock Research hereby demands a trial by jury on all claims and issues so triable.

DATED: October 14, 2011

Respectfully submitted,

FARNAN LLP

/s/Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

*Counsel for Plaintiff*

Paul A. Bondor
Jonas R. McDavit
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400
(212) 351-3401
pbondor@desmaraisllp.com
jmcdavit@desmaraisllp.com

*Of Counsel*