IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROUND ROCK RESEARCH, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-976-RGA |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| DELL, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ROUND ROCK RESEARCH'S OPPOSITION TO DELL, INC'S MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CLAIFORNIA

Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Paul A. Bondor (admitted pro hac vice)
Jonas R. McDavit (admitted pro hac vice)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400
(212) 351-3401
pbondor@desmaraisllp.com
jmcdavit@desmaraisllp.com

Counsel for Plaintiff

**TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................1

II.     BACKGROUND ....................................................................................................2

III.    LEGAL STANDARDS ..........................................................................................3

IV.     ARGUMENT ..........................................................................................................4

      A.      Dell Must Demonstrate That The *Jumara* Factors Strongly Support Transferring This Action. ............................................................................................................4

            1.      Round Rock's Choice Of Forum Is Given Paramount Consideration Because It Chose To Litigate In Its Home State..........................................5

            2.      Dell Has Not Identified Any Witnesses That Would Be Necessary To Attend Trial For Whom California Is A More Convenient Venue.............6

            3.      The Remaining Private Factors Are Neutral Or Weigh Against Transfer...9

            4.      The Judicial Economy Gained By Maintaining This Action In Delaware Weighs Strongly Against Transfer. ........................................................11

            5.      The Remaining Public Interest Factors Weigh Against Transfer .............13

V.      CONCLUSION.....................................................................................................14

# TABLE OF AUTHORITIES

## Cases

*1st Source Bank v. Merritt,*
    759 F. Supp. 2d 505 (D. Del. 2011)........................................................................4

*ADE Corp. v. KLA-Tencor Corp.,*
    138 F. Supp. 2d 565 (D. Del. 2001)....................................................................5, 10

*Air Prods. & Chems., Inc. v. MG Nitrogen Servs., Inc.,*
    133 F. Supp. 2d 354 (D. Del. 2001)......................................................................11

*Autodesk Can. Co. v. Assimilate, Inc.,*
    No. 08-cv-587-SLR-LPS, 2009 WL 3151026 (D. Del. Sep. 29, 2009)....................13

*Boram Pharm. Co. v. Life Techs. Corp.,*
    No. 10-cv-31-HB, 2010 WL 2802727 (D. Del. Jul. 14, 2010)................................11

*Cashedge, Inc. v. Yodlee, Inc.,*
    No. 06-cv-170-JJF, 2006 WL 2038504 (D. Del. July 19, 2006) .............................11

*CNH Am. LLC v. Kinzenbaw,*
    No. 08-cv-945-GMS, 2009 WL 3737653 (D. Del. Nov. 9, 2009)...........................5

*Gielata v. Heckmann,*
    No. 10-cv-378-LPS-MPT, 2010 WL 3940815 (D. Del. Oct. 6, 2010)......................5

*Human Genome Sci., Inc. v. Genentech, Inc.,*
    Nos. 11-cv-082-LPS, 11-cv-156-LPS, 11-cv-328-LPS, 2011 WL 2911797 (D. Del.
    Jul. 18, 2011) ......................................................................................................11

*In re Link_A_Media,*
    662 F.3d 1221 (Fed. Cir. 2011) ..............................................................................6

*In re Volkswagen of Am., Inc.,*
    566 F.3d 1349 (Fed. Cir. 2009) ............................................................................11

*Intellectual Ventures I LLC v. Altera Corp.,*
    No. 10-cv-1065-LPS, 2012 WL 297720 (D. Del. 2012) ............................................6

*Intellectual Ventures I LLC v. Checkpoint Software Techs., Ltd.,*
    797 F. Supp. 2d 472 (D. Del. 2011)..........................................................3, 8, 9, 13

*Jumara v. State Farm Ins. Co.,*
    55 F.3d 873 (3d Cir. 1995) ..........................................................................3, 4, 5, 6

*L'Athene, Inc. v. EarthSpring LLC,*
    570 F. Supp. 2d 588 (D. Del. 2008)....................................................................5, 10

*Mekiki Co. v. Facebook, Inc.,*
    No-09-cv-745-JAP, 2010 WL 2348740 (D. Del. Jun. 7, 2010)...............................11

*Micron Tech., Inc. v. Rambus, Inc.,*
    645 F.3d 1311 (Fed. Cir. 2011) ..............................................................................6

*Microsoft Corp. v. Geotag Inc.,*
    No. 11-cv-175-RGA, 2012 WL 114128 (D. Del. Jan. 13, 2012) ...........................10

*Nihon Tsushin Kabushiki Kaisha v. Davidson*,
595 F. Supp. 2d 363 (D. Del. 2009).................................................................................10

*Personalized User Model LLP v. Google, Inc.*,
No. 09-cv-525-JJF, 2009 WL 3460767 (D. Del. Oct 27, 2009)........................................9

*Praxair, Inc. v. ATMI, Inc.*,
No. 03-cv-1158-SLR, 2004 WL 883395 (D. Del. Apr. 20, 2004).....................................5

*QinetiQ Ltd. v. Oclaro, Inc.*,
No. 09-cv-372-JAP, 2009 WL 5173705 (D. Del. Dec. 18, 2009) ...................................11

*Robocast, Inc. v. Apple, Inc.*,
11-cv-235-RGA, 2012 WL 628010 (D. Del. Feb. 24, 2012)................................... passim

*Round Rock Research, LLC v. Acer Inc.*,
No. 11-cv-977-RGA (D. Del.) ..........................................................................................12

*Round Rock Research, LLC v. ASUSTeK Comp. Inc.*,
No. 11-cv-978-RGA (D. Del.) ..........................................................................................12

*Round Rock Research, LLC v. Lenovo Group Ltd.*,
No. 11-cv-1011-RGA (D. Del.) ........................................................................................12

*Shutte v. Armco Steel Corp.*,
431 F.2d 22 (3d Cir. 1970) .......................................................................................3, 4, 5, 10

*Signal Tech., LLC v. Analog Devices, Inc.*,
No. 11-cv-1073-RGA, 2012 WL 1134723 (D. Del. Apr. 3, 2012) ....................................6

*Simms v. Thomson Reuters Tax & Accounting, Inc.*,
No. 10-cv-904-LPS, 2011 WL 4501225 (D. Del. Sep. 28, 2011) ................................7, 10

*Virgin Wireless, Inc. v. Virgin Enters. Ltd.*,
201 F. Supp. 2d 294 (D. Del. 2002)....................................................................................3

*Wacoh Co. v. Kionix Inc.*,
No. 10-cv-617-RGA, 2012 WL 70673 (D. Del. Jan. 9, 2012) ...........................................6

**Statutes**
28 U.S.C. § 1404(a) ...................................................................................................................4, 11

## I.    INTRODUCTION

In order to succeed on its motion to transfer this action to the Northern District of California, Dell must show that the *Jumara/Shutte* factors "strongly favor" transfer.  But Dell offers no such compelling justification.  Both Round Rock and Dell are Delaware entities, having chosen to incorporate in Delaware to secure the benefits of Delaware corporate citizenship and establish Delaware as their corporate home.  Consideration of the *Jumara/Shutte* transfer factors confirms that this case should stay in Delaware, particularly in light of the judicial economy to be gained by maintaining this case in Delaware along with three related cases involving the same patents, same inventors, and overlapping issues of fact and law.  Accordingly, it is manifestly more convenient to continue this case here and Dell's motion to transfer should be denied.

Instead, Dell seeks to transfer this case to California based on its own speculation and fundamental mischaracterizations of Round Rock's claims.  Although Dell prefers to focus on certain components of its products, and expresses its views about the witnesses Round Rock needs to prove infringement, Round Rock does not share Dell's views.  On the contrary, Dell's infringement stems from the manufacture, offer for sale, sale, and use of ***Dell's computer systems***, and the features of those systems that make them desirable and competitive in the marketplace.[1]  Though Dell makes speculative lists of companies that it believes may have discoverable information, it does not name any particular witnesses at any of those companies, nor does it provide any showing as to why any such witnesses are necessary for trial of this action.  Given that Round Rock's choice of forum is entitled to "paramount consideration" under Third Circuit law, that relevant evidence and witnesses span the country, and given the "paramount importance" attached to judicial economy in the transfer analysis, the Court should deny Dell's motion.

---

[1] While Dell effectively claims that it merely provides a corporate shell around other companies' components, Dell cannot avoid liability for its own infringement so glibly.  Round Rock's asserted claims cover Dell's infringing systems themselves, and cannot be reduced to some partial component of Dell's choosing.  Dell sells the infringing products and instructs its customers how to use them in infringing ways, and Dell must answer for that infringing activity.

## II.     BACKGROUND

Round Rock incorporated in Delaware in December, 2008.  (Ex. 1.)[2]  Its principal place of business is in Mt. Kisco, New York.  (D.I. 15 ¶ 1.)  Round Rock has three employees that are all based in New York, New Jersey, and Connecticut.  (deBlasi Decl. ¶¶ 2-4.)  Round Rock has no corporate presence in California: it has never maintained any office, employees, bank accounts, or other physical presence in California, and has never been licensed to do business there. (deBlasi Decl. ¶¶ 2-4.)

Round Rock filed this patent infringement action against Dell (and parallel actions against Dell's competitors, Acer, ASUS, and Lenovo) because it makes, uses, sells, offers for sale, and imports infringing computer products in the United States.  Dell is a Delaware company with its principal operation in Round Rock, Texas.  (D.I. 1 ¶ 2; D.I. 15 ¶ 2; Ex. 2 at 1, 6.)  Dell is a well-known, omnipresent multi-billion dollar technology and consumer electronics company. (Ex. 3.)  As of the end of 2011, Dell was the second largest personal computer manufacturer, shipping over 10 million units world-wide (3.5 million units in the U.S.) and accounting for over 11 percent of the world market and 22 percent of the U.S. market.  (Ex. 4)  At the end of its last fiscal year Dell reported "record-breaking revenue" and its "best earnings per share performance in five years."  (Ex. 5.)  Dell uses vendors and suppliers throughout the United States and the world.  (Ex. 6.)  Dell manufactures its products in Austin, Texas and at several other manufacturing sites outside the United States.  (Ex. 2 at 5.)

Dell is not a mere reseller of it suppliers' components.  Rather, Dell designs, develops, and manufactures systems that incorporate highly desirable features for end users, integrating various technologies in a single package:

> [Dell focuses] on developing modular and scalable technologies that incorporate highly desirable features and capabilities at competitive prices. We employ a collaborative approach to product design and development in which our engineers, with direct customer input, design innovative solutions and work with a global network of technology companies to architect new system designs, influence the direction of future development, and integrate

---

[2] Unless otherwise noted, all exhibits cited are exhibits to the declaration of Jonas R. McDavit.

> new technologies into our products. Through this collaborative, customer-focused approach, we strive to deliver new and relevant products, such as our enterprise solutions, and services to the market quickly and efficiently.

(Ex. 2 at 5.)  Dell markets its products focusing on its customers and their experiences with Dell products:  "Our direct business model emphasizes direct communication with our customers, thereby allowing us to refine our products and marketing programs for specific customer groups."  (Ex. 2 at 6.)  Dell sells its products nationally, directly through its own website, and through third-party retailers, many of whom are Delaware corporate citizens.  (Ex. 2 at 7.)  As such, Dell itself is responsible for design, development, manufacture, integration, marketing, advertising and sales of the accused Dell systems.

## III.   LEGAL STANDARDS

A plaintiff's choice of forum is a "paramount consideration" in any transfer request. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).  It is the movant's burden to demonstrate that the balance of interests ***strongly*** weighs in favor of transferring an action to another forum.  *Virgin Wireless, Inc. v. Virgin Enters. Ltd.*, 201 F. Supp. 2d 294, 300 (D. Del. 2002) (emphasis added).  Thus, Courts will deny a motion to transfer if the factors are evenly balanced, or even if they weigh only slightly in favor of transfer.  *Id.*  In short, "the plaintiff's choice of venue should not be lightly disturbed."  *Intellectual Ventures I LLC v. Checkpoint Software Techs., Ltd.*, 797 F. Supp. 2d 472, 477 (D. Del. 2011) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)).  As a result, "a transfer is not to be liberally granted." *Shutte*, 431 F.2d at 25.  Moreover, unless a defendant "is truly regional in character—that is, it operates essentially exclusively in a region that does not include Delaware—transfer is almost always inappropriate."  *Intellectual Ventures I*, 797 F. Supp. 2d at 477.  When transfer is sought by a defendant with operations on a national or international scale, that defendant must prove that litigating in Delaware would pose a "unique or unusual burden on its operations."  *Id.*

Under controlling Third Circuit law, the Court should consider established private and public interest factors in evaluating a motion to transfer.  The private interest factors include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's

preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). The public interest factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; and (5) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 879.

## IV.   ARGUMENT

Dell seeks transfer to the Northern District of California. But Dell not only disregards the chosen forum of a Delaware citizen-plaintiff and its own state of incorporation, but it also ignores its heavy burden to demonstrate that the balance of convenience factors (or *Jumara* factors) strongly support transfer. *Shutte*, 431 F.2d at 25 ("[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail."). The Court should not disturb Round Rock's legitimate rationale to file suit in Delaware against Dell, a longstanding Delaware corporate citizen. *See, e.g.*, *Robocast, Inc. v. Apple, Inc.*, 11-cv-235-RGA, 2012 WL 628010, at * 2 (D. Del. Feb. 24, 2012); *Shutte*, 431 F.2d at 25.

### A.   Dell Must Demonstrate That The *Jumara* Factors Strongly Support Transferring This Action.

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). However, the moving party bears the burden "to establish that the balance of the interests strongly weighs in favor of transfer, and a transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of transfer." *1st Source Bank v. Merritt*, 759 F. Supp. 2d 505, 510 (D. Del. 2011). Dell ignores that burden. According to Dell, this Court should disregard Round Rock's location, citizenship, convenience, and choice of forum and

Dell's corporate citizenship (and principal place of business) because Dell *prefers* to litigate in California. (D.I. 35 at 12.) Not only is that a legally insufficient rationale for transfer, but Dell's partial recitation of the *Jumara* factors does not demonstrate that that the convenience of the parties and witnesses justifies transfer despite Round Rock's location, citizenship, convenience, and choice. The Court should deny Dell's motion for transfer.

### 1. Round Rock's Choice Of Forum Is Given Paramount Consideration Because It Chose To Litigate In Its Home State.

The first *Jumara* factor—plaintiff's choice of forum—is entitled to "paramount consideration." *L'Athene, Inc. v. EarthSpring LLC*, 570 F. Supp. 2d. 588, 594-95 (D. Del. 2008) (citing *Shutte*, 431 F.2d at 25). That factor weighs particularly strongly against transfer where, as here, a corporate plaintiff has made the rational and legitimate decision to bring this case in its state of incorporation. *See, e.g., Robocast, Inc. v. Apple, Inc.*, 2012 WL 628010, at * 2; *CNH Am. LLC v. Kinzenbaw*, No. 08-cv-945-GMS, 2009 WL 3737653, at *2 (D. Del. Nov. 9, 2009); *Praxair, Inc. v. ATMI, Inc.*, No. 03-cv-1158-SLR, 2004 WL 883395, at *2 (D. Del. Apr. 20, 2004) ("as a matter of law" a party's "situs of incorporation" is its "home turf"). Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail. *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001). Dell's burden is particularly true in this case where Dell is a large, Delaware corporate citizen.

Delaware is a manifestly more convenient venue for Round Rock than California. Round Rock is a Delaware corporation with its principal place of business in Mt. Kisco, New York. (D.I. 15 ¶ 1.) Round Rock's three employees are all based in New York and New Jersey. (deBlasi Decl. ¶¶ 2-4.) Round Rock has no corporate presence in California: it has never maintained any office, employees, bank accounts, or other physical presence in California, and has never been licensed to do business there. (deBlasi Decl. ¶¶ 2-4.) Accordingly, that factor weighs heavily against transfer. *See, e.g., Robocast*, 2012 WL 628010, at * 2; *Gielata v. Heckmann*, No. 10-cv-378-LPS-MPT, 2010 WL 3940815, at *3 (D. Del. Oct. 6, 2010)

("Transfer will be denied … if a change in venue merely shifts the inconvenience to the nonmovant.")

Moreover, the state of Delaware encourages its corporate citizens to resolve business disputes in this state. (*See, e.g.*, Ex. 7 [http://corp.delaware.gov/].) As this Court recognized, "Delaware wants corporations to incorporate in Delaware and the taxes that corporations pay are important to Delaware's corporate health." *Robocast*, 2012 WL 628010, at *4. As a Delaware corporate citizen, Dell has willingly submitted itself to suit in Delaware, further weighing in favor of keeping this suit here. *Micron Tech., Inc. v. Rambus, Inc.*, 645 F.3d 1311, 1332 (Fed. Cir. 2011) Finally, this District's heavy patent caseload and its consequent expertise in handling patent cases, also contributed to Round Rock's decision to file suit in this District. The Court should disregard Dell's attempt to trivialize those considerations and afford Round Rock's choice to file here its due, paramount weight.[3]

### 2. Dell Has Not Identified Any Witnesses That Would Be Necessary To Attend Trial For Whom California Is A More Convenient Venue.

The relevant *Jumara* factor for this inquiry is "[*t*]*he convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora.*" *Jumara*, 55 F.3d at 879. This factor primarily concerns the convenience of ***non-party*** fact witnesses required at trial. *Intellectual Ventures I LLC v. Altera Corp.*, No. 10-cv-1065-LPS, 2012 WL 297720, at *10 (D. Del. 2012) ("[T]he Court should be particularly concerned not to countenance undue inconvenience to third-party witnesses, who have no direct connection to the litigation."). Dell's motion hinges on its unsupported and unilateral contention that this action is about its

---

[3] Dell relies on *In re Link_A_Media* (662 F.3d 1221 (Fed. Cir. 2011)) for the proposition that incorporation in Delaware "is not sufficient reason" to keep this case here. (D.I. 35 at 16.) But that case is inapposite to the facts here where Round Rock is a three-year-old Delaware corporation with its principal place of business close to Delaware (and certainly not 3000 miles away in the transferee district), where Round Rock has no connection to the transferee district (deBlasi Decl. ¶¶ 2-4), and where Round Rock's employees and likely trial witnesses would be substantially inconvenienced by a transfer to California. *See, e.g.*, *Robocast*, 2012 WL 628010, at *5 (analyzing and distinguishing *Link_A_Media*); *Wacoh Co. v. Kionix Inc.*, No. 10-cv-617-RGA, 2012 WL 70673, at * 6 (D. Del. Jan. 9, 2012) (same); *Signal Tech., LLC v. Analog Devices, Inc.*, No. 11-cv-1073-RGA, 2012 WL 1134723, at *4 (D. Del. Apr. 3, 2012) (same).

component suppliers.  (D.I. 35 at 2.)  But as this Court has remarked, this factor is highly speculative at the beginning of patent cases because, unlike fact patterns in other tort actions, "it is hard to tell who the witnesses might be [at trial]."  *Robocast*, 2012 WL 628010, at *3. Moreover, Dell does not name even a ***single*** non-party witness who is said to necessary for trial, let alone identify what subject matter requires live trial testimony from any such witness.  Nor does Dell identify any Dell witnesses ***necessary for trial*** in this case, or what the subject matter of their required live trial testimony might be.

At the outset, the Court can disregard Dell's speculation regarding its own witnesses and documents because party witnesses and documents "carry no weight in the 'balance of convenience' analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial." *Simms v. Thomson Reuters Tax & Accounting, Inc.*, No. 10-cv-904-LPS, 2011 WL 4501225, at *4-*5 (D. Del. Sep. 28, 2011); *see Wacoh Co.*, 2012 WL 70673, at *4 ("[Party e]mployees will be available in whichever forum a trial is held.")  Further, Dell offers only equivocal statements regarding potential Dell witnesses that may be necessary for trial.  (*E.g.* D.I. 35, Larson Decl. ¶ 4 ***"To the extent*** that Dell has witnesses and documents relevant to this case…" (emphasis added)).  And even assuming those individuals have relevant information, Dell does not explain why those individuals, who only work on Dell mobility products, would be necessary witnesses at trial.  Accordingly, Dell has not demonstrated that there are any necessary party witnesses required for trial for whom California is more convenient.

In contrast, Round Rock's initial disclosures identify likely trial witnesses for whom Delaware is more convenient than the Northern District of California.  Mr. deBlasi, Round Rock's Vice-President for licensing, lives and works in New Jersey, and is expected to be a trial witness addressing, among other things, Round Rock's licensing efforts.  Notwithstanding Dell's

nonsensical argument to the contrary (D.I. 35 at 10-11.), a short train ride to Delaware is manifestly more convenient for Round Rock than trial on the other side of the country.[4]

Dell's primary argument for transferring this case to the Northern District of California relies on the fact that Dell believes *some* of its suppliers have some operations or locations there. But that argument does not weigh in favor of transfer where none of those parties will likely be required at trial, where there has been no showing that the Court will need to use its power to compel a reluctant party to attend trial, and given the fact that trial is two years away. *See Intellectual Ventures I*, 797 F. Supp. 2d at 483-44. Moreover, Dell premises the relevance of those third parties on unsound assumptions that the Court need not accept.

First, Round Rock rejects Dell's characterization of this action. Contrary to Dell's contention, this is not a "component case." Even if Dell farms out portions of its own manufacturing through contracts with others as it claims, the infringing products are made to Dell's specifications and designs, and they are assembled, sold, and supported by Dell itself. Dell designs its products to provide features it believes its customers want; it is *Dell's* computer products (and its customers' and end user's use of them) that infringe Round Rock's patents. As such, Round Rock expects the bulk of the evidence in this case to come from Dell. Second, even if any of Dell's suppliers also have further relevant evidence or deposition testimony, Dell has not demonstrated that any non-party it identifies *would be required to attend trial*, let alone that trial in California would be substantially more convenient for any such witness. In fact, none of those third parties will likely attend trial, and to the extent their testimony is necessary at all, it may be obtained through deposition. *See, e.g., Intellectual Ventures I LLC*, 797 F. Supp. 2d at 484 ("[T]here is no evidence from which the Court can conclude that necessary trial witnesses will refuse to appear in Delaware for trial without a subpoena. If such witnesses will not appear at trial, their testimony can always be compelled through a deposition, by service of a notice of

---

[4] Dell also contends that California is more convenient for Round Rock's limited licensing agent, IPValue Management. (D.I. 35 at 10.) But, again, there is no reason to believe that any person at IPValue would be required for trial, and, further, the relevant persons from IPValue involved in licensing negotiations with Dell are based in New Jersey, not California.

deposition and enforcement of such by a court with jurisdiction over the witness at issue.").
Further, many of the non-parties Dell speculates "may be implicated" by Round Rock's
contentions are, in fact, Delaware corporations themselves. (*See, e.g.*, Exs. 8-11.)[5]

Finally, Dell contends that other "potential" witnesses, such as non-party inventors,
prosecuting attorneys, and prior art witnesses, "appear" to live in the Northern District of
California. (D.I. 35 at 9-10.) But none of those witnesses are likely to be required at trial. And
as is common in patent cases, those persons may be deposed at their home, place of work, or any
other convenient place, to the extent their testimony is relevant. *Intellectual Ventures I*, 797 F.
Supp. 2d at 484. Moreover, Round Rock notes that the majority of inventors in this case do not
reside in California, and Dell offers no competent evidence that any of them would be required at
trial, or if California is clearly more convenient than Delaware as a trial site. Thus, at best, this
factor is neutral.

### 3. The Remaining Private Factors Are Neutral Or Weigh Against Transfer.

None of the remaining private interest factors support transfer.

*Where the claims arose*: Round Rock's direct and indirect infringement claims arise
from Dell's manufacturing, selling, using, offering for sale, and importing the infringing
products, including offer for sale, sale, use, and indirect and direct infringement here in
Delaware. Given Dell's national sales and distribution, Round Rock's claim arose in Delaware
at least to the same extent as in any other district. *Robocast*, 2012 WL 628010, at * 2;
*Personalized User Model LLP v. Google, Inc.*, No. 09-cv-525-JJF, 2009 WL 3460767, at *2 (D.
Del. Oct 27, 2009). Thus, this factor weighs against transfer.

*The convenience of the parties as indicated by their relative physical and financial
condition*: Dell does not contend that it will suffer a financial hardship by litigating this case in

---

[5] Although Dell provides evidence that certain of its suppliers are headquartered in the Northern District of California, it has no specific evidence (other than pure attorney argument based on a webpage printout) that the Northern District would more convenient from any unnamed witnesses from those suppliers.

Delaware.   Indeed, "[w]hen transfer is sought by a defendant with operations on a national or international scale, that defendant 'must prove that litigating in Delaware would pose a unique or unusual burden on [its] operations.'"  *Simms*, 2011 WL 4501225, at *1 (citing *L'Athene, Inc.*, 570 F. Supp. 2d at 592).   Dell is an omnipresent and powerful corporation with billions of dollars in revenues a year.  (Ex. 3.)  *See also Robocast*, 2012 WL 628010, at *3 (describing Apple, Inc.); *Microsoft Corp. v. Geotag Inc.*, No. 11-cv-175-RGA, 2012 WL 114128, at *2 (D. Del. Jan. 13, 2012) (describing Microsoft and Google).  And, as a Delaware corporate citizen itself, it would be impossible to claim that its home state is a particularly onerous venue to litigate.  On the other hand, Round Rock, a three-employee Delaware corporation, would suffer significant inconvenience if it is required to litigate its claims in California, where it has no corporate presence.  (*See* deBlasi Decl. ¶¶ 2-4.)  Accordingly, this factor weighs against transfer.

*The location of books and records*:  This Court has repeatedly recognized that "'recent technological advances have reduced the weight of this factor to virtually nothing.'"  *Simms*, 2011 WL 4501225, at *6; *see also Nihon Tsushin Kabushiki Kaisha v. Davidson*, 595 F. Supp. 2d 363, 373 (D. Del. 2009) (same).  Given Dell's sophistication and its ability to easily store and transport information, this factor should be given minimal weight. *ADE Corp.*, 138 F. Supp. 2d at 571.  In any event, Dell identifies no documents and evidence that would only be available for trial in Northern California, nor any that could not easily be made available in Delaware, nor that any speculative third-party books and records somehow outweigh the evidence available from Dell itself.  Dell merely contends that various third-party documents are located in California. (D.I. 35 at 9.)  But without more, even Dell's speculation that some information may be located in California cannot justify transfer.   Accordingly, this factor is (at best) neutral.

*Defendant's choice of forum*:  Despite being a Delaware company with headquarters in Texas, Dell claims to prefer the Northern District of California.  Under applicable law, that factor standing alone cannot and does not make the proposed transferee forum clearly more convenient than litigation here, not least because the plaintiff's choice of forum is given "paramount" consideration. *Shutte*, 431 F.2d at 25.

10

In sum, the private interest factors do not "strongly favor" transferring this action, as applicable law requires. And, as shown below, the public interest factors present a compelling reason to keep this case in Delaware.[6]

### 4.    The Judicial Economy Gained By Maintaining This Action In Delaware Weighs Strongly Against Transfer.

In the context of patent litigation, the Federal Circuit has given "paramount consideration" to "the existence of multiple lawsuits involving the same issues" when determining whether a § 1404(a) transfer is in the interest of justice. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009); *see Human Genome Sci., Inc. v. Genentech, Inc.*, Nos. 11-cv-082-LPS, 11-cv-156-LPS, 11-cv-328-LPS, 2011 WL 2911797, at *11 (D. Del. Jul. 18, 2011) ("Issues of judicial economy often present the deciding factor in a § 1404 transfer analysis."). Where related lawsuits exist, it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court. *Cashedge, Inc. v. Yodlee, Inc.*, No. 06-cv-170-JJF, 2006 WL 2038504, at *2 (D. Del. July 19, 2006); *see, e.g., Air Prods. & Chems., Inc. v. MG Nitrogen Servs., Inc.*, 133 F. Supp. 2d 354, 357 (D. Del. 2001) ("[T]he interests of judicial economy dictate that an action involving the same patents-in-suit and most of the same parties should not proceed simultaneously in two different district courts").

---

[6] *QinetiQ Ltd. v. Oclaro, Inc.*, No. 09-cv-372-JAP, 2009 WL 5173705 (D. Del. Dec. 18, 2009) does not require a different conclusion. In *Quinteq*, the plaintiff—a foreign corporation with no Delaware ties—accused a specific type of device manufactured and designed only in California of infringing a single patent. *Id.* at *1. Here, the Dell makes, uses, sells, and offers for sale infringing computers that are marketed and sold in Delaware and nationwide and that infringe multiple patents-in-suit. *Mekiki Co. v. Facebook, Inc.* (No-09-cv-745-JAP, 2010 WL 2348740 (D. Del. Jun. 7, 2010)) and *Boram Pharm. Co. v. Life Techs. Corp.* (No. 10-cv-31-HB, 2010 WL 2802727 (D. Del. Jul. 14, 2010)), are similarly inapposite. The *Mekiki* plaintiff was a Japanese corporation with a principal place of business in Tokyo with no connection to Delaware. 2010 WL 2348740, at *1. Likewise, Boram Pharmaceuticals is a South Korean company with no relationship to the District of Delaware. 2010 WL 2802727, at *1. Those facts stand in stark contrast to Round Rock, a company that has been incorporated here for over three years and chose this forum because it is inherently more convenient than a transferee forum. *See Mekiki*, 2010 WL 2348740, at *3.

As this Court and Dell is aware, three other pending actions in this District involve the same patents, the same inventors, overlapping technologies, very similar if not identical infringing products, very similar if not identical infringement, and any allegations of invalidity by Dell's competitors will likely will present similar if not identical issues.[7]  *Round Rock Research, LLC v. Acer Inc.*, No. 11-cv-977-RGA (D. Del.) (D.I. 15); *Round Rock Research, LLC v. ASUSTeK Comp. Inc.*, No. 11-cv-978-RGA (D. Del.) (D.I. 15); *Round Rock Research, LLC v. Lenovo Group Ltd.*, No. 11-cv-1011-RGA (D. Del.) (D.I. 1).  Given the substantial overlapping and identical legal (e.g., claim construction) and factual issues (e.g., infringement, level of skill in the art; applicable prior art if any) presented by the related suits, substantial judicial economy will be achieved with all four cases proceeding in one Court familiar with the patents, technologies, and products—and that substantial judicial economy weighs heavily against transfer here.

Dell seeks to link its motion to the later-filed, declaratory judgment action filed by its competitors, ASUSTeK Computer and ASUS Computer International (collectively, "ASUS"), in the Northern District of California.  As this Court may recall, ASUS also argued that its case should be transferred to California in connection with its jurisdictional challenge. (Ex. 12, April 6, 2012 Hr'g Tr., *Round Rock Research LLC v. ASUSTeK Comp. Inc.*, 11-cv-978-RGA.)  This Court denied ASUS's motion to transfer pending jurisdictional discovery and questioned ASUS's transfer arguments. (*Id.* at 60-61, 93-96.)  Moreover, under well-established law, the ASUS declaratory judgment action, as the second-filed action, is subject to being stayed or dismissed in light of the first-filed litigation here; and Round Rock has already moved for that relief.[8]

Finally, Dell seeks to cobble together some justification for transfer by alluding to the existence of a completely separate pending action between Round Rock and SanDisk. (D.I. 35 at

---

[7] For example, the actions against the ASUS entities, Acer entities, Lenovo, and Dell involve implementations of standards that will be common to all of the defendants' infringing products.

[8] Round Rock has also moved to dismiss that action for lack of personal jurisdiction. (D.I. 12, *ASUSTeK Comp. Inc. v. Round Rock Research, LLC*, No. 4:11-cv-6636-CW (N.D. Cal.))

14.)  But that action has no connection to this litigation.  It involves different parties, different products, and a completely different set of patents.  Unlike the significant legal and factual overlap between this litigation and the parallel cases in this Court against Lenovo, Acer, and ASUS, the SanDisk action to which Dell refers offers no factual overlap, and presents no issues of judicial economy.

At root, the four related actions in this Court concern the same patents, the same inventors, and the same infringing technology.  Discovery has already commenced in each of those actions.  The Court has entered a scheduling order in three of them, including this one. (D.I. 24.)  On those facts, the interests of justice and judicial economy are best served by keeping this case here.[9]

### 5.     The Remaining Public Interest Factors Weigh Against Transfer

*The local interest in deciding local controversies at home*:  Despite Dell's attempts to minimize Delaware's interests here, Delaware has a recognized interest in adjudicating claims of injury to its corporate citizens—an interest at least as great as the Northern District of California. *See, e.g. Intellectual Ventures I*, 797 F. Supp. 2d at 486 ("Delaware's interests are substantial and must be accorded at least equal weight to those of the Northern District of California."); *Autodesk Can. Co. v. Assimilate, Inc.*, No. 08-cv-587-SLR-LPS, 2009 WL 3151026, at *9 (D. Del. Sep. 29, 2009) ("Delaware clearly has a substantial interest in addressing lawsuits brought against Delaware corporations").  Both Round Rock and Dell are Delaware citizens, as are some of the very suppliers on which Dell bases its motion.  Dell markets, advertises, offers to sell, and sells its infringing products in this District.  Given the national scope of Dell's sales and infringement, Delaware is at least as proper as any other district.  Accordingly, this factor weighs against transfer.

---

[9] Dell asserts—without support—that its competitors Acer and Lenovo also prefer to litigate their cases in California.  (D.I. 35 at 16 n.3.)  But those defendants have not moved to transfer their respective actions.  Indeed, Lenovo has already stipulated that it would not to move to transfer this case.  (D.I. 10, case no. 11-1011-RGA.)  But even Lenovo and Acer do prefer to litigate in California, the Court's 1404(a) analysis as to Dell remains the same.

*Enforceability of the judgment*: Dell is subject to personal jurisdiction in Delaware; thus, a judgment could be enforced here.

*The relative administrative difficulty in the two fora resulting from court congestion*: Though Dell does not address this factor, moving this case to California would almost certainly extend the (already significant) time to trial. Dell urged this Court to adopt a case schedule that puts trial in December 2014. (Ex. 13, Mar. 6, 2012 Sched. Conf. Tr. at 8.) The Court generally permitted Dell the time it requested to prepare the case, setting trial in June 2014. (D.I. 24.) Transferring the case to California would undoubtedly involve a new schedule and extend the time to trial. Accordingly, this factor weighs against transfer.

In sum, Dell has not met its burden to demonstrate why the balance of the *Jumara/Shutte* factors strongly weighs in favor of transfer.

## V.    CONCLUSION

For all the foregoing reasons, Dell's motion to transfer should be denied.

DATED:   April 23, 2012

Respectfully submitted,

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Paul A. Bondor (admitted *pro hac vice*)
Jonas R. McDavit (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400
(212) 351-3401
pbondor@desmaraisllp.com
jmcdavit@desmaraisllp.com

*Counsel for Plaintiff*

14