**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **ROUND ROCK RESEARCH, LLC,** | |
| **Plaintiff,** | Civil Action No. 11-976-RGA |
| **vs.** | **JURY TRIAL DEMANDED** |
| **DELL INC.,** | |
| **Defendant.** | |

**DEFENDANT DELL INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO**
**TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

Francis DiGiovanni (#3189)
fdigiovanni@cblh.com
Thatcher A. Rahmeier (#5222)
trahmeier@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building, 1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 888-6316
Facsimile: (302) 658-5614

*Attorneys for Defendant Dell Inc.*

Of Counsel:

Douglas R. Young
Roderick M. Thompson
Stephanie P. Skaff
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Dated:  May 3, 2012

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................... 1

II.     ARGUMENT ......................................................................................................... 1

        A.      The Most Important Factors In The Transfer Analysis—The Convenience
                Of The Parties And Witnesses, And The Location Of Relevant
                Evidence—Strongly Support Transfer To The Northern District Of
                California. ................................................................................................... 2

                1.      Round Rock concedes that no witnesses or documents are located
                        in Delaware and has itself identified at least seven relevant
                        component suppliers whose witnesses and documents are located
                        in California ..................................................................................... 2

                2.      California is the location of significant sources of documentary
                        evidence ........................................................................................... 5

        B.      Practical Considerations Favor Transferring This Case To California,
                Where The Validity And Enforceability Of The Patents-In-Suit Is Already
                Being Litigated .......................................................................................... 6

        C.      Delaware Is Not Round Rock's "Home Turf." ....................................... 7

III.    CONCLUSION ...................................................................................................... 9

# TABLE OF AUTHORITIES

Page

## CASES

*3Com Corp. v. D-Link Sys., Inc.,*
   No. 03–014, 2003 WL 1966438 (D. Del. Apr. 25, 2003)...................................................4, 8, 9

*Alloc, Inc. v. Unilin Decor N.V.,*
   No. 03-253 and 05-587, 2006 WL 3050815 (D. Del. Oct. 26, 2006)...................................8, 9

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.,*
   295 F. Supp. 2d 393 (D. Del. 2002).......................................................................................8

*ASUS Computer Int'l v. Round Rock Research, LLC,*
   No. 12-02099 (N.D. Cal.) ........................................................................................................6

*Dominy v. CSX Transp., Inc.,*
   No. 05-487, 2006 WL 573801 (E.D. Pa. Mar. 9, 2006) .....................................................1, 2

*Illumina, Inc. v. Complete Genomics, Inc.,*
   No. 10–619, 2010 WL 4818083 (D. Del. Nov. 9, 2010) ....................................................8, 9

*In re Acer Am. Corp.,*
   626 F.3d 1252 (Fed. Cir. 2010) ...........................................................................................4, 5

*In re Genentech, Inc.,*
   566 F.3d 1338 (Fed. Cir. 2009) ...............................................................................................2

*In re Hoffmann-La Roche Inc.,*
   587 F.3d 1333 (Fed. Cir. 2009) ...............................................................................................2

*In re Link_A_Media Devices Corp.,*
   662 F.3d 1221 (Fed. Cir. 2011) ...........................................................................................5, 6

*In re Nintendo Co.,*
   589 F.3d 1194 (Fed. Cir. 2009) ...............................................................................................2

*In re United States,*
   273 F.3d 380 (3d Cir. 2001) .....................................................................................................2

*Johnson v. U.S. Bancorp,*
   No. 10–1072, 2012 WL 1133689 (D. Del. Mar. 30, 2012) .....................................................7

*Mekiki Co. v. Facebook, Inc.,*
   No. 09–745, 2010 WL 2348740 (D. Del. June 7, 2010)..........................................................8

*Signal Tech, LLC v. Analog Devices, Inc.,*
    No. 11-1073-RGA, 2012 WL 1134723 (D. Del. Apr. 3, 2012)........................................ 5, 7, 8

*Teleconference Sys. v. Proctor & Gamble Pharms., Inc.,*
    676 F. Supp. 2d 321 (D. Del. 2009)...................................................................................... 2, 7

*Zoetics, Inc. v. Yahoo!, Inc.,*
    No. 06-108-JJF, 2006 WL 1876912 (D. Del. July 6, 2006) ...................................................... 4

## FEDERAL STATUTES

28 U.S.C. § 1404(a) ................................................................................................................. 7

## I.    <u>INTRODUCTION</u>

Round Rock's opposition brief confirms that the **<u>only</u>** connection between Delaware and this dispute is that the parties are incorporated here.  No Round Rock employee lives or works in Delaware.  Not a single likely witness in the action resides here.  And no evidence is located here.

In striking contrast, **<u>all seven</u>** of the third-party component suppliers identified in Round Rock's initial disclosures have their worldwide or U.S. headquarters in California.  Testimony and documents from these suppliers and other third-party witnesses in northern California, including the only named inventors of two patents-in-suit, will likely make up the bulk of the evidence at issue in this case.  In addition, although Dell does not design or manufacture the components at issue in plaintiff's claims, the Dell facility housing engineers and documents supporting the mobility products accused of infringing four of the ten patents-in-suit is also located in northern California.

Under these undisputed circumstances, Round Rock's choice of forum does not outweigh the significant connections this lawsuit has to California.  And although the fact of incorporation may be sufficient for jurisdiction, the transfer analysis under Section 1404 and the Third Circuit's *Jumara* factors are primarily concerned with identifying the most convenient forum for the parties and witnesses.  These factors make clear that the Northern District of California is a substantially more appropriate forum for this lawsuit.  Dell therefore respectfully requests that the Court transfer this case to the Northern District of California.

## II.    <u>ARGUMENT</u>

As the party seeking transfer, Dell "is not required to show truly compelling circumstances for change of venue, but rather that all relevant things considered the case would be better off transferred to another district."  *Dominy v. CSX Transp., Inc.*, No. 05-487, 2006 WL

573801, at *2 (E.D. Pa. Mar. 9, 2006) (citing *In re United States*, 273 F.3d 380, 388 (3d Cir.

2001)).  Dell has met its burden of showing that litigating this case in California would be far

more convenient and efficient, and Round Rock has presented no evidence to the contrary.

> **A.**   **The Most Important Factors In The Transfer Analysis—The Convenience Of The Parties And Witnesses, And The Location Of Relevant Evidence— Strongly Support Transfer To The Northern District Of California.**

Round Rock premises its opposition on the erroneous proposition that its choice of forum

outweighs this case's substantial connections to California.  But a "plaintiff s preference to

litigate in the District of Delaware is not unshakeable."  *Teleconference Sys. v. Proctor &*

*Gamble Pharms., Inc.*, 676 F. Supp. 2d 321, 330 (D. Del. 2009).  Rather, "[t]he convenience of

the parties and witnesses, and the location of relevant evidence, are the most important factors in

the § 1404(a) analysis."  *Id.* at 331.  Indeed, the Federal Circuit has repeatedly held that "in a

case featuring most witnesses and evidence closer to the transferee venue[,] with few or no

convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a

motion to transfer."  *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (citing *In re*

*Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338

(Fed. Cir. 2009)).

> **1.**   **Round Rock concedes that no witnesses or documents are located in Delaware and has itself identified at least seven relevant component suppliers whose witnesses and documents are located in California.**

Round Rock has not identified a single witness or piece of evidence located in Delaware.

This fact "is telling and weighs in favor of transfer."  *Teleconference*, 676 F. Supp. 2d at 333

(citing *Genentech*, 566 F.3d at 1345 ("Because a substantial number of material witnesses reside

within the transferee venue and the state of California, and no witnesses reside within the

[transferor venue], the district court clearly erred in not determining this factor to weigh

substantially in favor of transfer.")).

In contrast, and contrary to Round Rock's arguments in opposition, Dell does not simply "believe" that "some" of its suppliers have operations in California.  (D.I. 42 at 8.)  Round Rock's **own disclosures** identify seven third-party companies that supply the allegedly infringing components in Dell's accused products—and **all seven** of these third-party suppliers maintain their global or U.S. headquarters in California.  (D.I. 35 at 8; D.I. 37, Exs. A–G.)  The incongruity of Round Rock's attempt to now downplay the importance of these suppliers (and their witnesses and documents located in California) is underscored by its own identification of these suppliers in its initial disclosures and by the allegations in its own Complaint, where every Dell product that Round Rock names is alleged to infringe on the sole basis that it "contains" some alleged component functionality.  (*See, e.g.*, D.I. 12 ¶ 57 (alleging infringement of U.S. Patent No. 6,002,613 by "products containing Double Data Rate (DDR) memory"); *id.* ¶ 102 (alleging infringement of U.S. Patent No. 6,845,053 by "products containing embedded multimediacard flash memory").) [1]

Round Rock also errs in arguing that Dell's suppliers may not be required to attend trial. (D.I. 42 at 8.)  Given that no Dell witness is likely to have knowledge of the inner workings of components designed and manufactured by third parties, the third-party supplier witnesses will likely provide the only available information on the operation of the components at issue in the action.  Moreover, by Round Rock's own admission, many of its infringement allegations "involve implementations of standards" (*id.* at 12, n.7)—which, by definition, are not "made to Dell's specifications and designs."  (*Id.* at 8; *see also* Declaration of Roderick M. Thompson in Support of Dell's Reply Brief (hereinafter "Thompson Decl."), ¶ 2 (citation from Round Rock's

---

[1]  Indeed, contrary to Round Rock's suggestion in its opposition papers, the inventions allegedly disclosed in the patents-in-suit are not directed at computer systems, but instead at discrete components of those systems or methods practiced by components, such as DDR memory. *See e.g.*, U.S. Patent Nos. 6,002,613; 7,138,823; 7,285,979; and 7,389,369.

Initial Disclosures, accusing "computer systems that comply with the Universal Serial Bus (USB) 3.0 specification (revision 1.0)" of infringing U.S. Patent No. 5,991,843); *id.* ¶ 3 (same, accusing "products that comply with the JEDEC DDR3 SDRAM specification" of infringing U.S. Patent Nos. 7,138,823 and 7,285,979); *id.* ¶ 4 (same, accusing "products complying with the JEDEC embedded multimediacard ('eMMC') flash memory standard" of infringing U.S. Patent No. 6,845,053).)

Dell has also specifically identified various other non-party witnesses located in California, including the sole named inventors of two of the patents-in-suit, as well as several prior art witnesses and at least one prosecuting attorney.  (D.I. 35 at 9–10.)  Trial testimony from these witnesses is likely to be essential to the invalidity portion of Dell's defense.

All of these California-based non-party witnesses are beyond the subpoena power of this Court and therefore "actually unavailable" in this context.  *See Zoetics, Inc. v. Yahoo!, Inc.*, No. 06-108-JJF, 2006 WL 1876912, at *4 (D. Del. July 6, 2006) ("[I]t is sufficient for purposes of venue transfer analysis if the witness is not subject to a Court's subpoena power.") (internal citations omitted); *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) ("The venue's ability to compel testimony through subpoena power is [] an important factor in the § 1404(a) calculus.").   Furthermore, "[e]ven if these witnesses were willing to travel to Delaware to testify in this court, it is certainly very inconvenient for them to do so, especially compared to traveling to a court in the state of their residence and employment."  *3Com Corp. v. D-Link Sys., Inc.*, No. 03–014, 2003 WL 1966438, at *2 (D. Del. Apr. 25, 2003).  "Convenience, cost, and expediency, then, favor a transfer" of this action to the Northern District of California.  *Id.*

### 2.     California is the location of significant sources of documentary evidence.

Though modern technology has reduced the burdens imposed by transporting documentary evidence, "it is improper to ignore" this factor entirely.  *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011).  Round Rock does not deny that documents related to the mobility products accused of infringing four of the ten patents-in-suit would be located Dell's facility in Sunnyvale, California, the workplace of the Dell engineers with responsibility for those products.[2]  (D.I. 35 at 9.)

Nor can Round Rock credibly dispute that third-party books and records will be essential to this case, when Round Rock's own initial disclosures concede that its infringement allegations are directed at components supplied to Dell by third parties, as discussed in Section II.A.1.  Documents regarding these components reside, not with Dell, but with these California-based third parties.

By contrast, not a single document relevant to this case is located in Delaware.  This factor therefore weighs in favor of transfer.  *Acer*, 626 F.3d at 1256 (holding that the sources of proof factor "weigh[ed] significantly in favor of transfer" where "it appear[ed] that a significant portion of the evidence [would] be located within the [transferee forum]," while no party identified any likely source of proof in the [transferor forum]"); *Link_A_Media*, 662 F.3d at 1224 (denial of transfer was a clear abuse of discretion where district court "refused to consider two of

---

[2] Furthermore, these engineers will be available to testify in whichever forum a trial is held, but only to the extent they remain employees of Dell.  "Ex-employees (and, with the passage of time from now until trial, it is possible, if not probable, that some employees will become ex-employees) would not be subject to this Court's subpoena power, but would stand a much better chance of continuing to be subject to the subpoena power in the [Northern District of California]."  *Signal Tech, LLC v. Analog Devices, Inc.*, No. 11-1073-RGA, 2012 WL 1134723, at *3 (D. Del. Apr. 3, 2012).

the private interest factors in a Third Circuit venue inquiry: the convenience of the witnesses and

the location of the books and records").

>    **B.    Practical Considerations Favor Transferring This Case To California,
>            Where The Validity And Enforceability Of The Patents-In-Suit Is Already
>            Being Litigated.**

As Round Rock concedes, "it is in the interests of justice to permit suits involving the

same parties and issues to proceed before one court."  (D.I. 42 at 11.)  That court should be the

Northern District of California, where Round Rock is currently litigating three related actions,

two of which implicate patents that Round Rock asserts against Dell in this case.

As noted in Dell's Opening Brief, defendants in one of the related actions in Delaware,

ASUSTeK Computer Inc. and ASUS Computer International ("ASUS"), filed a declaratory

judgment action that includes all ten of the patents at issue in this case, except U.S. Patent No.

6,845,053 (the "'053 patent").  (D.I. 35 at 14.)  On April 26, 2012, ASUS filed a second action

against Round Rock in the Northern District of California, seeking a declaratory judgment of

non-infringement, invalidity, and unenforceability of six U.S. patents, including the '053 patent

and U.S. Patent No. 7,279, 353 (the "'353 patent").  Thompson Decl., Ex. A (Complaint in *ASUS

Computer Int'l v. Round Rock Research, LLC*, No. 12-02099 (N.D. Cal.)).  U.S. Patent No.

7,101,727, asserted against Dell in this case, arose from a divisional of the application leading to

the '353 patent, also titled "Passivation Planarization."

The overlap of the patents at issue in this action with those at issue in the pending

Northern District of California actions—the two ASUS actions, as well as SanDisk's declaratory

judgment action against Round Rock—raises the very real specter of inconsistent rulings and

waste of judicial resources.  All three of these actions are moving forward.  Joint case

management conference statements have been filed in the first ASUS action and the SanDisk

action.  In addition, ASUS has filed administrative motions in both its first-filed case and the

SanDisk case to have all three cases designated as related cases.  (Thompson Decl., Exs. B, C.)

By contrast, this Court has not yet ruled on ASUS's motion to dismiss or transfer Round Rock's

Delaware action, and no documents have yet been produced in any of the four related actions

before this Court.

Although Round Rock argues that defendants in the related Acer and Lenovo actions

have not moved to transfer their respective cases (D.I. 42 at 13 n.9), Section 1404(a) does not

limit transfer to motions by a party.  Rather, it permits a court to transfer **any** civil action "[f]or

the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).

"Courts within this Circuit have held that when no motion to transfer to a more convenient venue

has been filed, the Court may *sua sponte* transfer the case. . . after first providing the parties with

an opportunity to brief the transfer issue."  *Johnson v. U.S. Bancorp*, No. 10–1072, 2012 WL

1133689, at *4 (D. Del. Mar. 30, 2012) (internal citation omitted).  Here, both Acer and Lenovo

have represented that, although they believe all of the related actions should remain in one

venue, they are not opposed to transfer of all actions to the Northern District of California.  This

Court can—and should—transfer all four cases to the Northern District of California, a clearly

more convenient venue for numerous third-party witnesses and the location of significant sources

of proof.

### C. <u>Delaware Is Not Round Rock's "Home Turf."</u>

In the transfer analysis under Section 1404(a), "home turf refers to a corporation's

principal place of business."  *Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*, 676 F. Supp.

2d 321, 330 (D. Del. 2009).  Round Rock admits that its principal place of business is in New

York, not Delaware.  (D.I. 42 at 2.)  Thus, although Round Rock is a Delaware corporation, its

choice of Delaware as a forum does not weigh in its favor "as strongly as it would if the plaintiff

had its principal place of business (or, indeed, any place of business) in Delaware."  *Signal Tech,*

*LLC v. Analog Devices, Inc.*, No. 11-1073-RGA, 2012 WL 1134723, at *2 (D. Del. Apr. 3, 2012). Moreover, the Federal Circuit has held that "heavy reliance" on a party's state of incorporation is "inappropriate," given that "[n]either § 1404 nor *Jumara* list a party's state of incorporation as a factor for a venue inquiry." *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223–24 (Fed. Cir. 2011).

Delaware courts agree that "[w]here an alternative forum is more convenient and has more substantial connection with the litigation, 'incorporation in Delaware will not prevent transfer.'" *APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 398–99 (D. Del. 2002) (internal citation omitted); *Mekiki Co. v. Facebook, Inc.*, No. 09–745, 2010 WL 2348740, at *4 (D. Del. June 7, 2010) ("it is clear that a party's incorporation in Delaware is not dispositive of a motion to transfer"); *Illumina, Inc. v. Complete Genomics, Inc.*, No. 10–619, 2010 WL 4818083, at *7 (D. Del. Nov. 9, 2010) (same). In *Illumina*, the court granted defendant's motion to transfer venue to the Northern District of California on finding that "[o]ther than the parties' incorporation, Delaware has a limited connection to this action," while "[m]ost of the potential and identified witnesses, as well as relevant records and evidence, are located in California." 2010 WL 4818083, at *7. Similarly, in *3Com Corp. v. D-Link Sys., Inc.*, No. 03–014, 2003 WL 1966438 (D. Del. Apr. 25, 2003), the court held that transfer was appropriate where plaintiff was incorporated, but not headquartered, in Delaware and "[n]either party ha[d] any books, records, or other documents in this district." *Id.* at *1. Moreover, "none of the acts related to the development of the accused products occurred in this district, while many, if not all, of these acts occurred in California." *Id.*; *see also Alloc, Inc. v. Unilin Decor N.V.*, No. 03-253 and 05-587, 2006 WL 3050815, at *3 (D. Del. Oct. 26, 2006) (granting motion to transfer where "none of the parties [had] facilities in Delaware nor maintain[ed] their principal

place of business in Delaware" and the parties' incorporation was the lawsuit's only connection to Delaware).

Likewise, transfer is appropriate here, where Round Rock and Dell are incorporated in Delaware, but "the connection to this forum ends there." *3Com*, 2003 WL 1966438, at *1. Neither party maintains its principal place of business in Delaware, no witnesses or evidence is located here, and none of the accused products were developed in this District.  Thus, Round Rock's choice of forum cannot root this case in Delaware when, as Dell has shown, the balance of convenience factors strongly supports transfer to California.  *Illumina*, 2010 WL 4818083, at *3 (granting transfer, despite both parties' incorporation in Delaware, due to the "the lack of any meaningful contacts with Delaware").

## III.   **CONCLUSION**

For all the reasons stated herein and in Dell's Opening Brief, Dell respectfully requests that the case be transferred to the Northern District of California.

Dated:  May 3, 2012                       Respectfully Submitted,

                                          */s/ Francis DiGiovanni*
                                          Francis DiGiovanni (#3189)
                                          Thatcher A. Rahmeier (#5222)
                                          CONNOLLY BOVE LODGE & HUTZ LLP
                                          1007 N. Orange Street
                                          P.O. Box 2207
                                          Wilmington, DE 19899
                                          Telephone: (302) 888-6316
                                          Facsimile: (302) 658-5614
                                          fdigiovanni@cblh.com
                                          trahmeier@cblh.com

Of Counsel:

Douglas R. Young
Roderick M. Thompson
Stephanie P. Skaff
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
dyoung@fbm.com
rthompson@fbm.com
skaff@fbm.com

*Attorneys for Defendant Dell Inc.*