IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROUND ROCK RESEARCH, LLC,

       Plaintiff,

v.                               Civil Action No. 11-976-RGA

DELL, INC.,

       Defendant.

## MEMORANDUM OPINION

Brian E. Farnan, Esq., FARNAN LLP, Wilmington, Delaware; Paul A. Bondor, Esq. (argued), DESMARAIS LLP, New York, New York, Attorneys for Plaintiff

Francis DiGiovanni, Esq., CONNOLLY BOVE LODGE & HUTZ LLP, Wilmington, Delaware; Roderick M. Thompson, Esq. (argued), FARELLA BRAUN & MARTELL LLP, San Francisco, California; Attorneys for Defendant.

November 15, 2012
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Before the Court is a motion to transfer this case to the Northern District of California. (D.I. 34).

Plaintiff sued Dell alleging infringement of ten patents relating to what appears to be nine different computer-related topics. (D.I. 12). Dell duly answered, and a scheduling order was entered providing for a trial in June 2014. (D.I. 24). Dell subsequently filed the instant motion. It has been fully briefed and orally argued. (D.I. 60).

The statutory authority for transferring the case is § 1404(a) of Title 28, which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] The burden of establishing the need for transfer is the movant's, *see Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), which in this case is Dell. The Third Circuit has set forth the framework for analysis:

> "[I]n ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed."
>
> In ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." While there is no definitive formula or list of the factors to consider, courts have considered many variants of the private and public interests protected by the language of § 1404(a).
>
> The private interests have included: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose

---

[1] The amendment to § 1404 does not apply to this case, which was filed before the effective date of the amendment.

elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

The public interests have included: (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two fora resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citations omitted and numbering added).

Round Rock Research LLC is a Delaware limited liability company with its principal place of business in Mt. Kisco, New York. (D.I. 12, ¶ 1). Dell, Inc. is a Delaware corporation with its principal place of business in Round Rock, Texas. (*Id.*, ¶ 2). Round Rock is near Austin in the Western District of Texas.

There is no dispute that this case could have been brought against the defendant in the Northern District of California, as among other things, it has a significant place of business in Sunnyvale, California. (D.I. 36, ¶¶ 2-4; D.I. 60, pp.25-26 [conceding case could have been brought in Northern District of California]).

In my view, interest (1) supports Plaintiff's position that the case should not be transferred. Interest (2), and to a significantly lesser extent (5) and (6), support the defendant's request to transfer the case. The other interests do not add much to the balancing. The twelve interests are not exclusive, and in this case there are other considerations that I take into account.

Plaintiff has chosen Delaware as a forum. That choice weighs strongly in Plaintiff's favor, although not as strongly as it would if Plaintiff had its principal places of business (or,

indeed, any place of business) in Delaware. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request"); *Pennwalt Corp. v. Purex Industries, Inc.*, 659 F.Supp. 287, 289 (D.Del. 1986) (plaintiff's choice of forum not as compelling if it is not plaintiff's "'home turf'").

Defendant's preference is the Northern District of California. It is not the Defendant's home turf, but the Defendant does have business operations there and its lawyers are from San Francisco. Defendant's choice has a legitimate basis, and therefore this factor weighs in favor of transfer.

The Defendant has not argued in its briefing that the claim arose in the Northern District of California. No one argues that the claim arose in Delaware. Dell computers are sold throughout the United States, and I would view the claim of infringement as being one that arises wherever the computers are sold. *See In re Acer America Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010). Thus, this factor has no weight in the balancing.

Plaintiff is a small corporation, but it has high-powered lawyers and has sued an array of prominent defendants in this and related cases. The defendant is a substantial corporation and can litigate anywhere. It too has high-powered lawyers. Other than size, there is nothing in the record relating to "physical and financial condition." I do not think this factor significantly favors either side, and therefore I will treat it as neutral.

At this juncture, it is hard to tell who the witnesses might be. Much of the dispute on this motion concerns third party witnesses. The ten asserted patents appear to have twelve different inventors. Ten of the twelve inventors appear to be in Idaho and other places outside the

subpoena power of both this Court and the Northern District of California. Two might be in the Northern District of California. Thus, as far as the inventors go, the availability of witnesses for trial is not a very significant factor favoring transfer. Further, based on the Court's experience to date, inventor testimony is likely to be of marginal significance to the outcome of a trial. Dell does not concentrate on the inventors. Rather, its principal argument is that its accused products are only accused because they contain components that are purchased from third-party suppliers. The third-party suppliers are said to be almost entirely California-based corporations. The Plaintiff's response is that it has accused Dell of direct infringement (and indirect infringement but only in relation to direct infringement by Dell's customers) and that the testimony of third-party suppliers to Dell is unlikely to be important, as whatever components they supply, they supply according to Dell's specifications. I would say that at this point there is nothing more than a possibility that third-party witnesses would have material trial evidence. Thus, it appears to me that the trial in this case will likely boil down to employees of the two parties and various retained experts. *See In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer."). Such witnesses will appear wherever the trial is held. Thus, this factor at most marginally favors transfer, in that if there are third-party witnesses who turn out to be important, they are more likely to be within the subpoena power of the Northern District of California than of this Court.

Similarly, it is hard to tell where most of the books and records would be. The only

identified holders of records are the parties,[2] and their records will be able to be produced in whichever forum has the case. The records of the defendant, which are likely the most important records for this litigation, *see id.*, may be in Texas,[3] which is distant from both fora. They might be in California, which is distant from Delaware. They are not in Delaware, or near Delaware. In any event, there are no records identified as only being available in one of the two locations.[4] Thus, this factor too adds very little to the balancing. To the extent it has any marginal impact, it favors transfer.

Enforceability of the judgment is not an issue.

Practical considerations that could make the trial easy, expeditious, or inexpensive are evenly balanced. A trial in Delaware is likely to be less easy and more expensive for Dell than a trial in the Northern District of California, because of travel considerations and expenses for witnesses. A trial in the Northern District of California is likely to be more costly for Plaintiff (which is represented by New York lawyers) than a trial in Delaware. On balance, the overall cost and convenience of a trial is likely to be about the same in either venue. Dell has not cited

---

[2] Dell has identified ten third party suppliers, all with substantial business operations in California. (D.I. 35, pp.8-9). The parties have not begun third party discovery. The only notice of any third-party discovery to date was on an unrelated issue. (D.I. 47). The Court is not persuaded that the records of these suppliers will be important to the litigation.

[3] Indeed, from the careful way that Dell states that some evidence relating to some of the patents is in California (D.I. 35, p.9), it seems apparent that the bulk of the evidence is probably in Texas.

[4] While there is a paragraph in *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011), about "the convenience of the witnesses and the location of the books and records," I do not understand the Federal Circuit to have altered the Third Circuit's focus on the issue being not so much where the witnesses and evidence are, but whether they can be produced in court.

anything that persuades me that expedition will vary depending upon the location of the trial.[5] Thus, this factor is neutral.

The relative administrative difficulty due to court congestion, to the extent that is different than the time to trial concern addressed above, is not argued, and is therefore neutral.

The "local controversy" consideration is also inapplicable here. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192, 207 (D.Del. 1998).

The public policy of Delaware encourages the use by Delaware corporations – such as Round Rock and Dell – of Delaware as a forum for the resolution of business disputes.[6] Typically, the forum is the Delaware Court of Chancery. More generally, though, Delaware wants corporations to incorporate in Delaware, and the taxes that corporations pay are important to Delaware's financial health. While it is not unusual that a Delaware corporation should sue another corporation in a Delaware court, and is a factor that has some impact on the balancing, *cf. Micron Technology v. Rambus*, 645 F.3d 1311, 1332 (Fed. Cir. 2011)("Given that both parties were incorporated in Delaware, they had both willingly submitted to suit there, which weighs in favor of keeping the litigation in Delaware."), this factor significantly overlaps with why Plaintiff would have chosen Delaware as a venue in the first place. I do not attribute it independent

---

[5] The Court gave a later trial date than the Plaintiff requested, but an earlier trial date than Dell requested. (*See* D.I. 21, p.12).

[6] The State of Delaware Division of Corporations, on its website, prominently asks, "Why Choose Delaware as Your Corporate Home?" The answer follows: "More than 900,000 business entities have their legal home in Delaware including more than 50% of all U.S. publicly-traded companies and 63% of the Fortune 500. Businesses choose Delaware because we provide a complete package of incorporation services including modern and flexible corporate laws, our highly-respected Court of Chancery, a business-friendly State Government, and the customer service-oriented Staff of the Delaware Division of Corporations."

weight as a "public policy" factor. I believe it is taken into account in the first factor.

This is not a diversity case, and thus knowledge of state law is irrelevant here.

Other than Dell's Delaware incorporation and Plaintiff's Delaware incorporation and its choice to sue in Delaware (which, as noted, makes the litigation more economical and convenient for the Plaintiff), there is another factor that ought to be considered. The Plaintiff has sued three other computer manufacturers (Lenovo, Acer, ASUS) in pending Delaware cases (Nos. 11-977-RGA, 11-978-RGA, and 11-1011-RGA), and there is also litigation relating to at least one of the patents in the Northern District of California.[7] As far as I can tell, all of the litigation is in its early stages. I have no particular knowledge of the patents or the technology at issue here, but I will likely be gaining that in the near future. I believe that is a legitimate concern to factor into the analysis. *See In re Google*, 2011 WL 772875, *2 (Fed. Cir. March 4, 2011). Certainly, if I already had some experience with the patents, it would be an important legitimate concern. *See In re Verizon Business Network Services, Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011); *In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010). On the other hand, it appears that there may be as many as three judges in the Northern District of California who are in about the same situation. Thus, the "co-pending litigation," while a matter that should be considered, appears to me be neutral in this case.

Under Third Circuit law, considerable deference is given to the plaintiff's choice of

---

[7] There is litigation between ASUS and Round Rock in No. 11-6636-CW, with essentially the same issues as in Round Rock v. ASUS in Delaware. There is also an ASUS and Round Rock litigation in No. 12-2099-PSG, which appears to involve six patents, one of which is asserted against Dell in the litigation in this District. There is also litigation between SanDisk and Round Rock in No. 11-5243-RS, which involves eleven patents, at least two of which are also at issue in the No. 12-2099 litigation. SanDisk is not a party in Delaware. The California ASUS litigations were filed after the Delaware ASUS litigation.

forum. In considering all the transfer factors identified in *Jumara*, as well as the pending litigation against the codefendants, I do not think Dell has shown that the balance of convenience tips strongly enough in its favor so that transfer should be ordered. I will therefore deny its motion to transfer.

I have considered *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011).[8] There is one difference of significance between this case and *In re Link_A_Media*. Essentially, the parties here are two Delaware corporations neither of which is principally based in the proposed transferee district, whereas in *Link_A_Media* there was only one Delaware corporation and the parties were (effectively) both principally based in the proposed transferee district. *See In re Altera Corp.*, 2012 WL 2951522, *2 (Fed. Cir. July 20, 2012) (denying mandamus and distinguishing *In re Link_A_Media* when all of the parties were Delaware corporations).

An appropriate order will be entered.

---

[8] The Federal Circuit's numerous transfer cases arising from the Fifth Circuit are not controlling as the Federal Circuit interprets the law of the Circuit in which the District Court sits. *See In re Link_A_Media,* 662 F.3d at 1223. The law of the two Circuits in regard to how to conduct a transfer analysis is different in a number of regards. Of greatest relevance, "Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the [transfer] analysis." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). As noted earlier, the Third Circuit treats the plaintiff's choice as a factor of "paramount importance."